# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

lfranco@faillacelaw.com

**August 21, 2013**

**MEMO ENDORSED**

**By Email:** SullivanNYSDChambers@nysd.uscourts.gov  
Hon. Richard Sullivan  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 640  
New York, New York

USDS SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 8-22-13

    Re:  Re: Lopez et al v. Blue White Laundromat Inc. et al  
          Index No. 13-CV-1366 (RJS) (FM)

Dear Judge Sullivan:

    We represent Plaintiffs in the above referenced matter, and write pursuant to Local Civil Rule 37.2 to request a conference with the Court to settle a dispute concerning discovery that has arisen in advance of depositions. We ask that the Court issue a protective order to bar Defendants' counsel from seeking discovery of Plaintiffs' immigration status, tax filings, social security and/or tax ID number, or authorization to work in the United States (collectively, "Contested Discovery Issues"), and lines of questioning designed to elicit the same.

    Counsel for the parties have met and conferred by electronic mail concerning whether Defendants' counsel is permitted to seek discovery concerning the Contested Discovery Issues. We maintain that seeking such information is not permitted and asked Defendants' counsel to confirm that they will not seek such information from Plaintiffs. However, Defendants have maintained that **"Before we stipulate the order, the plaintiffs must admit they are undocumented alien worker, i.e. that they are illegal immigrant, unauthorized worker, have no social security or tax ID, and have not filed tax documents"**.

    Fed. R. Civ. P. 26(c) authorizes a court to "for good cause, make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . .." Good cause exists to issue a protective order barring Defendants' counsel from discovering information pertaining to the Contested Discovery Issues. There are two reasons.

    First, the potential chilling, *in terrorem* effect of such discovery in FLSA and wage and hour cases substantially outweighs the probative value of the information sought. *See Avila-Blum v. Casa de Cambio Delgado, Inc*, 236 F.R.D. 190, 192 (S.D.N.Y. 2006); *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (allowing discovery raises "the danger of intimidation, the danger of destroying the cause of action and would inhibit

August 21, 2013
Page 2

plaintiffs in pursuing their rights"); *Galindo v. Vanity Fair Cleaners*, 2012 U.S. Dist. LEXIS 91005 at *10-11 (S.D.N.Y. June 29, 2012); *Francois v. Mazer*, 09 Civ. 3275 (KBF), 2012 U.S. Dist. LEXIS 60846 (S.D.N.Y. Apr. 23, 2012); *Willy Rengifo v. Erevos Enterprises, Inc.*, 2007 U.S. Dist. LEXIS 19928 (S.D.N.Y. 2007). This is especially true when the information sought goes to a collateral issue such as impeachment. *See Rengifo*, LEXIS 19928 at *8-9 (seeking such information "on the basis of testing credibility appears to be a back door attempt to learn of immigration status"); *Galindo*, LEXIS 91005 at *10-11 ("whatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure"); *Francois*, LEXIS 60846 at *3 (same). Thus, courts have consistently extended protective orders under Fed. R. Civ. P. 26(c) to protect FLSA Plaintiffs, and have routinely denied discovery where defendants inquire about the Contested Discovery Issues. *See Avila-Blum*, 236 F.R.D. at 192 (concurring "with the analysis of other courts that have examined these issues and concluded that such discovery should be barred"); *Zeng Liu*, 207 F. Supp. 2d at 192 ("plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA" held "undiscoverable"); *Rengifo* 2007 U.S. Dist. LEXIS 19928 at *5; (plaintiff's "immigration status and authority to work is a collateral issue" and not discoverable).

Second, with regards to Defendants attempt to discover tax filings, questions concerning Plaintiffs' filing of tax returns can also serve as a backdoor attempt to discover Plaintiffs' immigration status. *See Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (issuing protective order against discovery into whether plaintiffs filed tax returns because, among other things, requests were an attempt to obtain disclosure of immigration status). It is also well established that tax returns are discoverable only if a two-pronged test is satisfied: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rengifo*, 2007 U.S. Dist. LEXIS 19928 at *6. Courts routinely find that this test is not met where defendants seek an FLSA plaintiff's tax returns. *Id.* at *7; *Uto*, 269 F.R.D. at 212. Defendants cannot demonstrate the relevance of Plaintiffs' filing of tax returns, nor can they demonstrate a compelling need. Accordingly, a protective order should issue against discovery concerning their filings of tax returns.

The Plaintiffs' depositions are scheduled for the week of August 26th. We ask that the Court issue a protective order barring Defendants from discovery, or asking questions at their depositions, on such topics. In the absence of a protective order issued before depositions, we anticipate having to call Your Honor's chambers during the deposition to orally seek a protective order when such questions are posed to Plaintiffs.

Accordingly, we ask that the Court issue a protective order in the form of the enclosed proposed order. Alternatively, we ask that the Court schedule a conference to address these issues at the earliest practicable time.

We thank the Court for its attention to this matter.

Respectfully Submitted,

August 21, 2013
Page 3

                                      Lina M. Franco, Esq.

Enclosures

cc: Email: chenattorney@yahoo.com
Yimin Chen & Associates, PC
401 Broadway
Suite 409
New York, NY 10013
(212) 965-8686

```
The parties have failed to comply with the Court's Individual Practices
concerning discovery disputes, which require that the parties submit a
"jointly composed" letter setting forth each party's position and the
authority supporting it, as Defendants have offered no authority or
argument in opposition to Plaintiff's request for a protective order.
Nevertheless, the Court grants Plaintiffs' request, which is appropriate
and well supported under the law. Accordingly, IT IS HEREBY ORDERED THAT
Defendants shall be precluded from seeking discovery concerning
Plaintiffs' immigration status, tax filings, social security and/or tax
ID numbers, and authorization to work in the United States.
```

SO ORDERED _____
Dated: 8/22/13     RICHARD J. SULLIVAN
                          U.S.D.J.